UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                )
                                      )         Chapter 7
GEORGE and ROSARIO L.                 )         Case No. 09-42294-JBR
GUARIN,                               )
                                      )
Debtors.                              )
_____ )

**MEMORANDUM OF DECISION**

On June 10, 2009, the Debtors commenced this case by filing a petition under Chapter 13 of the bankruptcy code. On August 15, 2009, they voluntarily converted their case into one under Chapter 7, and soon thereafter the Court sent the Debtors an Order (hereinafter the "Order to Update"), docket # 16, directing them to complete and file, *inter alia*, Official Form 22A, Statement of Current Monthly Income and Means Test Calculation. The Order to Update warned that failure to file the specified documents might result in dismissal of the case. This matter comes before the Court on the Debtors' Motion to Reconsider the Order to Update [docket # 21].

The Debtors' argument in support of their Motion to Reconsider is straightforward. They argue that the "means test" established by 11 U.S.C. § 707(b) applies only to cases originally filed under Chapter 7, not to cases filed under another chapter and then converted to Chapter 7. Because the Debtors converted from Chapter 13 to Chapter 7, they assert that the means test does not apply to them, and therefore it is unnecessary for them to file the Official Form demonstrating compliance with it.

This case presents an intriguing and significant question of law: Whether or not 11 U.S.C. § 707(b) requires debtors to complete the "means test" upon converting to Chapter 7. So far,

1

only a handful of cases, none of which bind this Court, have ruled on the question.[1] After considering the very well-reasoned arguments on both sides of this issue, the Court is ultimately persuaded by the decision of Judge Burns in *In re Fox*, 370 B.R. 639 (D. N.J. 2007), where, after a thorough examination of the question, the bankruptcy court found that the means test does not apply to converted debtors. In so ruling, the Court respectfully disagrees with his learned colleague from Rhode Island, whose decision in *In re Perfetto* articulates the arguments in favor of applying the means test to converted debtors. *See generally* 361 B.R. 27 (D. R.I. 2007).

The Court holds that the means test does not apply to debtors who have converted to chapter 7 from another chapter. Accordingly, the Court's Order to Update [docket # 16] is VACATED with regard to the means-test form only, and failure to file the means-test computation will not bar the Debtors' discharge.

Dated: December 3, 2009                    By the Court:

                                           /s/ Joel B. Rosenthal
                                           U.S. Bankruptcy Judge

---

[1] *See* Kathleen Murphy and Justin H. Dion, *"Means Test" or "Just a Mean Test": An Examination of the Requirement that Converted Chapter 7 Bankruptcy Debtors Comply with Amended Section 707(b)*, 16 Am. Bankr. Inst. L. Rev. 413 (2008) (aggregating and discussing the available caselaw). See also the subsequent cases *In re Willis*, 408 B.R. 803 (Bankr. W. D. Mo. 2009) and *In re Ryder*, 2008 WL 3845246 (N. D. Cal. 2008).

2